CASE 65—PETITION ORDINARY—SEPTEMBER 29.

## Adams Express Company vs. Nock.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. Upon the delivery of articles to the agent of a common carrier, he filled a blank in a printed receipt prepared by the company, stipulating against liability beyond the sum of $50. The articles were delivered by the consignor's agent, who neither read nor understood its conditions, nor signed a printed indorsement accepting the conditions, and the consignor never saw the receipt until the good were lost. *Held*—That it was competent to prove by the agent of the consignor that he did not read or understand, and did not accept the condition limiting the liability of the carrier.

2. Public policy imposes on common carriers a constructive liability peculiarly stringent, and they will not be permitted to limit that liability by special contracts, unless they are fairly made, without duress, imposture, or delusion, and are fully understood by the other party, and are clearly proved.

3. Common carriers are bound to carry articles within the scope of their business, without any other contract than such as the law would imply.

G. A. & I. CALDWELL, for appellant, cited *Civ. Code, secs.* 145, 155; 14 *B. Mon.,* 254, 86; 1 *Kernan,* 485; 6 *Howard,* 382; 5 *Duer,* 43; 8 *Barb.,* 205; 3 *Sandford,* 7; 25 *Barb.,* 16; 14 *Wend.,* 26; 11 *Met.,* 121.

GEO. T. BARRETT, for appellee, cited 18 *B. Mon.,* 60; 1 *Duv.,* 37, 60, 221, 262; *Civ. Code, sec.* 145; 14 *B. Mon.,* 254, 86; *Ld. Raym.,* 918; *Jones on Bailm.,* 107; 1 *Duvall,* 232; 5 *Bing.,* 217; 1 *Term R.,* 27; 19 *Wend.,* 241; 10 *Ohio,* 145; 2 *Kell. (Geo.),* 349; 11 *Smith,* 444; 6 *Allen,* 489; 2 *Warden,* 348; 4 *Warren,* 131; 6 *How.,* 344.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellee sued the appellant as an incorporated com-pany engaged as a common carrier in transporting, between Louisville, Kentucky, and the city of New York, commodities for compensation. The petition charged that the appellee's agent delivered to the agent of the appellant, for transporta-tion from Louisville to New York, gum opium and mastic of the aggregate value of $330 50, which the said bailee prom-ised to deliver in good order to appellee's nominated agent in the latter city for a reasonable compensation, to be paid on delivery, and alleged a breach in a total non-delivery.

The answer—simply alleging that the contract was in writ-ing, and essentially different from the oral agreement sued on —insisted that the action was misconceived, and could be maintained only on the written covenant, but did not exhibit or otherwise describe the written memorial.

On this state of pleading, the parties submitted to the court an agreed case, stating that, on the delivery of the articles to the appellant's agent at Louisville, the appellee's agent filled a blank in a printed receipt prepared by the company, stipu-lating, among other things, against any liability beyond the amount of $50—*the manuscript filling merely describing the articles to be transported and their value, and naming the consignor and consignee and the place of ultimate delivery*—and stating, also, that the appellant admitted that the appellee could prove that his agent did not read the printed receipt nor understand its conditions, nor sign a printed indorsement acknowledging the

acceptance of the conditions, and which were not suggested to him; and that the appellee " did not see said receipt or paper until after the goods were lost;" and, also, that the value of the articles was truly stated in the petition—but reserving to the appellee an exception to the admissibility of the printed paper, and to the appellant an exception to the competency of oral testimony as to the ignorance of the appellee's agent.

On the facts, as thus agreed and submitted, the circuit court gave judgment against the appellant for the sum specified in the petition and agreed to be the value of the goods.

The printed memorial of the contract was not a receipt only, but also a covenant; and, therefore, if mutually binding, it would not be subject to contradiction or essential modification by oral testimony without proof of fraud or mistake in the execution of it.  But the oral testimony recited in the agreed case and admitted, if competent, showed that it was neither read by the appellee's agent, nor its peculiar conditions understood by him or even suggested to him; and, therefore, and especially, as he never signed the indorsement accepting the peculiar conditions, they were never obligatory on his constituent.   That testimony was, therefore, competent, and the action is maintainable on the implied contract.   Public policy imposes on common carriers a constructive liability peculiarly stringent; and as that policy might be often frustrated by permitting special contracts to qualify or relax the responsibility imposed and implied by law, there has been vexatious doubt whether *any* such modifying and exceptional agreement should be adjudged obligatory.   Analogy, principle, and authority now, however, preponderate decidedly in favor of the legality of such contracts, *when fairly made, without duress, imposture, or delusion, and fully understood and clearly proved*.   But no such special contract will ever be implied from the mere publication of notice that the carrier will exact conditions essentially various from those prescribed by law.   Nor, in a case of importunate necessity for immediate transportation, and a refusal so to carry without a special

contract, should the exaction of such a contract be sanctioned; such unreasonable extortion might be deemed duress.

As public carriers are bound to carry articles within their scope of business, without any other contract than such as the law would imply, if owners will freely and understandingly make special contracts less favorable to themselves, they can have no cause to complain that the law will enforce them. But, before the law should do so, the proof must be clear that such contract was freely made and fully understood.

The extraneous facts in this case were admissible to show, and do sufficiently show, that there was no such special contract bindingly made and mutually understood. And the intrinsic fact that the appellee's agent did not sign the accepting indorsement would alone be sufficient, in all such cases, to negative any presumption that the special agreement now claimed by the appellant was ever so made as to impose on the appellee a resulting obligation enforceable by law.

The agreed facts as to the conduct and understanding of the appellee's agent were, therefore, competent evidence, and the printed document was inadmissible. And, consequently, the value, as adjudged, having been admitted, the judgment, as rendered, was right, JUDGE WILLIAMS concurring in this conclusion, but uncommitted as to so much of the opinion as decides that a special contract *may* be binding.

Wherefore, the judgment of the circuit court is unanimously affirmed.